**THIS OPINION HAS NO PRECEDENTIAL VALUE. IT SHOULD NOT BE CITED OR RELIED ON AS PRECEDENT IN ANY PROCEEDING EXCEPT AS PROVIDED BY RULE 268(d)(2), SCACR.**

**THE STATE OF SOUTH CAROLINA**
**In The Court of Appeals**

South Carolina Department of Social Services,
Respondent,

v.

Kristen Anderson, Reginald J. Bruce, and Jonnie
Anderson, Defendants,

Of whom Kristen Anderson is the Appellant.

In the interest of a minor under the age of eighteen.

Appellate Case No. 2022-000772

———————

Appeal From Florence County
FitzLee H. McEachin, Family Court Judge

———————

Unpublished Opinion No. 2023-UP-403
Submitted December 8, 2023 – Filed December 11, 2023

———————

**AFFIRMED**

———————

John Brandt Rucker and Allyson Sue Rucker, both of
The Rucker Law Firm, LLC, of Greenville, for
Appellant.

Daniel Tindall Jordan, of McGowan, Rogers, Stewart & Hiller, PA, of Florence, as the Guardian ad Litem for Appellant.

Scarlet Bell Moore, of Greenville; and Taylor Jule Yarnal, of South Carolina Department of Social Services, of Florence, both for Respondent.

Stuart Wesley Snow, Jr., of Snow & Bailey Law Firm, P.A., of Florence, for the minor child's Guardian ad Litem.

---

**PER CURIAM:** Kristen Anderson (Mother) appeals a family court order removing her minor daughter (Child) from her custody; granting custody to Child's maternal grandmother (Grandmother); authorizing the Department of Social Services (DSS) to forego reasonable efforts at reunification; and closing the case. On appeal, Mother argues the family court erred in removing Child from her custody, granting custody of Child to Grandmother, authorizing DSS to forego reasonable efforts at reunification, and closing the case without ordering a future permanency planning hearing. We affirm.

On appeal from the family court, this court reviews factual and legal issues de novo. *Simmons v. Simmons*, 392 S.C. 412, 414, 709 S.E.2d 666, 667 (2011). Although this court reviews the family court's findings de novo, we are not required to ignore the fact that the family court, which saw and heard the witnesses, was in a better position to evaluate their credibility and assign comparative weight to their testimony. *Lewis v. Lewis*, 392 S.C. 381, 385, 709 S.E.2d 650, 651-52 (2011).

We hold a preponderance of the evidence showed Mother physically neglected Child and Child could not be returned to Mother's care without placing her at an unreasonable risk of harm. *See* S.C. Code Ann. § 63-7-1660(E) (2010) ("The [family] court shall not order that a child be removed from the custody of the parent . . . unless the court finds that the allegations of the petition are supported by a preponderance of evidence including a finding that . . . return of the child to the home would place the child at unreasonable risk of harm affecting the child's life, physical health or safety, or mental well-being and the child cannot reasonably be protected from this harm without being removed."); S.C. Code Ann. § 63-7-20(22) (Supp. 2023) ("'Preponderance of evidence' means evidence which, when fairly

considered, is more convincing as to its truth than the evidence in opposition."); S.C. Code Ann. § 63-7-20(6)(a)(i) (Supp. 2023) ("'Child abuse or neglect' or 'harm' occurs when" a parent "inflicts or allows to be inflicted upon the child physical or mental injury or engages in acts or omissions which present a substantial risk of physical or mental injury to the child . . . ."). A DSS case manager testified this case began after DSS received a report that Mother attempted to choke Child. She stated DSS had concerns about Mother's mental health, found Mother physically neglected Child, gave Mother a treatment plan, and referred Mother for treatment services. Her testimony showed Mother attempted to receive mental health treatment several times after DSS became involved in the case; however, according to the DSS case manager, Mother stopped attending services at Pee Dee Mental Health in January 2022. Further, Child's guardian ad litem stated Child was "extremely uncomfortable" around Mother and reports indicated Child had refused to visit Mother or sit in the same room with her. Therefore, we hold a preponderance of the evidence showed Child was neglected and returning her to Mother's care would have placed her at an unreasonable risk of further harm.

We also hold a preponderance of the evidence showed the family court properly allowed DSS to forego reasonable efforts to reunify Mother and Child. *See* S.C. Code Ann. § 63-7-1640(C)(1)(b) (Supp. 2023) ("The family court may authorize [DSS] to terminate or forego reasonable efforts to preserve or reunify a family . . . when the family court determines . . . the parent has subjected the child or another child while residing in the parent's domicile to . . . severe or repeated neglect . . . ."). The DSS case manager's testimony that DSS indicated a case against Mother after investigating whether Mother choked Child pursuant to the initial report shows Child was severely neglected. Moreover, Mother's failure to follow DSS's recommendations, considered alongside the DSS case manager's testimony regarding Mother's mental health issues, constitutes a preponderance of the evidence that Mother neglected Child, and the family court properly authorized DSS to forego reasonable efforts to reunify Mother and Child.

We further hold the issue of whether the family court erred in closing the case without providing for a subsequent permanency planning hearing is not preserved for review because the record does not indicate Mother challenged the family court's case closure ruling in a post-trial motion after the family court issued its written order. *See Wilder Corp. v. Wilke*, 330 S.C. 71, 76, 497 S.E.2d 731, 733 (1998) ("It is axiomatic that an issue cannot be raised for the first time on appeal, but must have been raised to and ruled upon by the [family court] to be preserved for appellate review.").

**AFFIRMED.**[1]

**THOMAS, KONDUROS, and GEATHERS, JJ., concur.**

---

[1] We decide this case without oral argument pursuant to Rule 215, SCACR.